```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-22629-CIV-GOLD
                                    MAGISTRATE JUDGE P. A. WHITE

KELLEY MALA,                        :

      Plaintiff,                    :

v.                                  :
                                              REPORT OF
JORGE PASTRANA, ET AL.,             :    MAGISTRATE JUDGE

      Defendants.                   :
_____
```

This Cause is before the Court upon the plaintiff Kelley Mala's Amended Complaint [DE# 62].

The plaintiff filed a Complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)[1] [DE# 1], Motions to Amend [DE#'s 4, 5, 6, 9][2] and Motion for Emergency Preliminary Injunction [DE# 10]. The plaintiff Mala is a federal

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

[2] Docket Entries 4 and 5 contain the same document.

prisoner confined at the Federal Correctional Institution in Miami. He is proceeding in forma pauperis. [DE# 7].

On November 17, 2008, the Undersigned issued a Report recommending that: (1) this civil action proceed on the Complaint [DE# 1] and supplemental pleadings [DE#'s 4, 9] against the defendants Bither, Ramsey, Lahoz, Perez and Wilder, in their individual capacities, on the claim that they violated the plaintiff's First Amendment rights by engaging in retaliation; (2) the remaining defendants and all other claims, including any claims not specifically addressed herein, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and (3) the Motion for Emergency Preliminary Injunction [DE# 10] be denied. [DE# 14]. The Report treated the motions to amend [DE#'s 4, 5, 6, 9] as amended complaints. After the plaintiff complied with prior Orders to pay an initial partial filing fee, the Undersigned issued another Report [DE# 38].[3] The

---

[3] The defendants filed a Motion to Dismiss (or in the alternative, enlargement of time to respond to amended complaint) [DE#'s 31, 32], on the ground that the plaintiff failed to obey this Court's Order [DE# 7] directing him to pay an initial partial fee of $13.31 by October 31, 2008. On February 6, 2009 the Undersigned issued a Report recommending that the Motion to Dismiss be granted, the Motion for Extension of Time be denied as moot, and this case be dismissed without prejudice for lack of prosecution. [DE# 33]. The Honorable Alan S. Gold issued an Order adopting the February 6, 2009 Report, advising the plaintiff that the case would be dismissed without prejudice if he failed to pay the initial partial fee of $13.31 by March 16, 2009. [DE# 35]. The Order also designated the Amended Complaint [DE# 22] as the Operative Complaint, and ordered that the Amended Complaint be read to incorporate factual allegations contained in the initial complaint. This Order rendered the November 17, 2008 Report moot. The plaintiff submitted a payment of $13.31 to the Court on March 16, 2009. Judge Gold directed that the Undersigned issue a Report upon payment of this fee.

Honorable Alan S. Gold adopted the Report. [DE# 44]. Judge Gold also ordered the plaintiff to file a comprehensive amended compla8int that sets forth the claims that this Court has permitted to proceed. [DE# 48].

The plaintiff filed an Amended Complaint on June 5, 2009. [DE# 56]. The defendants have filed a Motion to Dismiss. [DE# 58]. Subsequently, the plaintiff filed a Revised Amended Complaint [DE# 62] (a duplicate copy also docketed as DE# 64) which supplants the Amended Complaint [DE# 56].

The Revised Amended Complaint [DE# 62/64] is now the Operative Complaint. Upon review, the Undersigned finds that the plaintiff's Revised Amended Complaint [DE# 62/64] is barred by 42 U.S.C. §1997e(e) because it fails to sufficiently allege that the plaintiff suffered any physical injury as a result of the alleged constitutional violations. Section 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury. A plaintiff, who files his complaint while in custody, who does not allege any physical injury as a result of an alleged constitutional violation may not seek compensatory or punitive damages, but can seek nominal damages and equitable relief. See Quinlan v. Personal Transport Services Co., 2009 WL 1564134, 2 (11 Cir. 2009)("Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than de minimis physical injury."); Frazier v. McDonough, 264 Fed.Appx. 812, 815 (11 Cir. 2008); Smith v. Allen, 502 F.3d 1255, 1271 (11 Cir. 2007); Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003).

Moreover, under 42 U.S.C. §1997e(e), in order to assert a claim for which relief could be granted for a claim of an unconstitutional condition of confinement, there must be an allegation of a specific physical injury, i.e., an injury which is an "observable or diagnosable medical condition requiring treatment by a medical care professional." Luong v. Hatt, 979 F.Supp. 481, 485-6 (N.D. Texas 1997). Moreover, there can be no recovery for mental or emotional injury suffered while in custody without such a physical injury, which rises above the de minimis level. Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997).

The plaintiff has failed to allege that he has suffered any injury, physical or otherwise, that was an "observable or diagnosable medical condition requiring treatment by a medical care professional."

District Courts are directed to examine a complaint to determine whether if it can be liberally construed to request relief other than compensatory damages. Frazier, supra at 815. The Revised Amended Complaint has three counts. In Count I, the plaintiff specifically states that he seeks punitive damages in the sum of $250,000.000 from each named defendant. In Count II, the plaintiff seeks the same relief. In Count III, the plaintiff seeks the sum of $250,000.000 from each named defendant but does not specify what type of damages he seeks, although from the context it is likely that because this is the same amount requested in the other counts, he intended to state that this amount was also for punitive damages. Because the plaintiff is specifically seeking a large sum of punitive damages, his Revised Amended Complaint cannot be liberally construed as requesting nominal damages. See, e.g., Sears v. Rabion, No. 03-13558, 97 Fed.Appx. 906 (Table) (11 Cir. Feb. 18, 2004) (affirming district court's sua sponte dismissal of

complaint under §1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages); Jimenez v. Reeder, 2009 WL 700776 (N.D.Fla. 2009). In addition, complaints which have been liberally interpreted to raise a request for nominal damages or equitable relief contain such phrases as "such other relief as may appear that Plaintiff is entitled" or similar language.  The Revised Amended Complaint in this case contains no such language.

Accordingly, the Revised Amended Complaint [DE# 62/64] should be dismissed without prejudice pursuant to 42 U.S.C. §1997e(e).[4]

### Recommendation

Based on the foregoing, it is recommended that:

1.  The Motion to Dismiss [DE# 58] be denied as moot.

2.  The Revised Amended Complaint [DE# 62/64] be dismissed without prejudice pursuant to 42 U.S.C. §1997e(e).

3.  This case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

---

[4] Dismissals of claims for monetary damages under §1997e(e) "should be without prejudice to re-filing the claim if and when the plaintiff is released." Harris v. Garner, 216 F.3d 970, 980 (11 Cir. 2000) (en banc), cert. denied, 532 U.S. 1065 (2001).

It is so recommended at Miami, Florida, this 6th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Kelley Mala, Pro Se
Reg. No. 01995-094
Federal Correctional Institution-Miami
P. O. Box 779800
Miami, FL 33177

Anthony Pogorzelski, Esq.
United States Attorney's Office
Suite 300
99 N.E. 4th Street
Miami, FL 33132