UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 08-22629-CIV-GOLD/WHITE

KELLEY MALA,

    Plaintiff,

v.

JORGE PASTRANA, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION; CLOSING CASE

THIS CAUSE is before the Court upon U.S. Magistrate Judge Patrick A. White's Report and Recommendations [DE 67], entered July 7, 2009 (the "Report"), to which Plaintiff filed an Objection on July 17, 2009 [DE 70]. The Report recommends that Plaintiff's claims, as asserted in his Amended Complaint [DE 62], be dismissed without prejudice. For the following reasons, I adopt the Report and Recommendation.

**I.   Background**

Plaintiff, proceeding *pro se*, has engaged in a protracted *Bivens* action for a variety of claims, including the violation of his First Amendment rights to petition the government for a redress of grievances. Previously, in a Report filed on March 26, 2009 [DE 38], which I adopted, Judge White recommended that Plaintiff's claim of violation of his First Amendment rights proceed against Defendants S.C. Bither, Margaret Ramsey, George Lahoz, Fernando Perez and Lesa Wilder, in their individual capacities, and all other claims be dismissed for failure to state a claim. Judge White recommended that the First Amendment claims proceed because Plaintiff has adequately demonstrated in his Complaint a causal link between the alleged harassment he has suffered at the hands of

these Defendants, including the confiscation of his typewriter and legal papers, and the exercise of his First Amendment rights. I adopted the Report and Recommendation and also accepted Magistrate Judge White's recommendation that Plaintiff be required to consolidate his multiple amendments to his Complaint and file one single Amended Complaint. [DE 44, 48]. Plaintiff filed an Amended Complaint on June 18, 2009, in which he reasserts the same First Amendment claims that I had permitted to proceed as well as those claims that have been dismissed. The Report pending before me, however, now recommends that all claims be dismissed without prejudice.

II. **Discussion**

The Report recommends dismissal of all claims on the basis that they are barred by 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Quinlan v. Personal Trans. Servs. Co.*, 2009 WL 1564134, 2 (11 Cir. 2009) ("Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than *de minimis* physical injury."). The Eleventh Circuit has squarely applied this provision to First Amendment claims, having held on a number of occasions that a prisoner cannot maintain a First Amendment retaliation claim in a federal civil action if his or her claims are not accompanied by allegations of physical injuries that are greater than *de minimis*. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (Section 1997e(e), although an affirmative defense, is appropriate basis for dismissal where it bars recovery on a First Amendment claim seeking monetary damages absent allegation of physical injury); *Frazier v.*

*McDonough*, 264 Fed. App. 812, 815 (11 Cir. 2008) (dismissing section 1983 claim for First Amendment retaliation for monetary damages because there was no allegation of physical injury); *Hicks v. Ferrero*, 285 Fed. App. 585, 587 (11th Cir. 2008) (same); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (same as to statutory claim of impermissible burden on religious exercise). Here, Plaintiff explicitly seeks monetary damages in the amount of $250,000 from each named defendant, but fails to allege any injury, physical or otherwise. Plaintiff argues in his Objection that section 1997e(e) is not applicable because he is not asserting a mental or emotional injury, merely punitive damages for a violation of his constitutional right; however, the case law cited above does not suggest that the prohibition on monetary damages absent a showing of physical injury is triggered only if there is an explicit assertion of mental or emotional injury. There is no further basis to distinguish the case law on the basis that this case is a *Bivens* action and not a section 1983 claim – both are federal civil actions within the reach of section 1997e(e). Plaintiff cites to *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008), but its holding, that certain free speech claims can proceed without any showing of actual injury, is entirely consistent with the law that if there is no actual injury, monetary damages, including punitive damages, cannot be recovered.

Although Plaintiff's First Amendment claims here are properly dismissed as barred by section 1997e(e), "'[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.'" *KH Outdoor, LLC v. City of Trussville*, 465 F.3d 1256, 1260 (11th Cir. 2006) (quoting *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir.2003)). Further, because section 1997e(e) is triggered only if the plaintiff is in custody, *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.2002), the Eleventh Circuit has interpreted

this statute to require the dismissal of prisoners' complaints for emotional injury "without prejudice to their being re-filed at a time when the plaintiffs are not confined." *Harris v. Garner*, 216 F.3d 970, 985 (11th Cir.2000) (en banc). Accordingly, it is hereby

ORDERED and ADJUDGED that

1. The Report and Recommendation [DE 67] is ADOPTED.

2. Plaintiff's Amended Complaint [DE 62] as to his First Amendment claims are DISMISSED without prejudice as to their being re-filed in a new civil action at a time when the Plaintiff is no longer confined. Alternatively, he may re-file his claims while he remains incarcerated to seek nominal damages only.

3. The remainder of Plaintiff's claims are DISMISSED without prejudice with leave to refile only if they correct the legal defects identified in the Report and Recommendation dated March 26, 2009 [DE 38].

4. The Amended Complaint [DE 64] is STRUCK as duplicative.

5. All pending Motions are DENIED as moot.

6. This case is CLOSED.

DONE and ORDERED in Chambers in Miami, Florida, this 17 day of September, 2009.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:
All counsel of record
U.S. Magistrate Judge Patrick A. White

From Chambers via U.S. Mail:

Kelley Mala
Reg. No. 01995-094
Federal Correctional Institution
P. O. Box 779800
Miami, FL 33177